**FOTU TUPUOLA LEUTA, Claimant,**

**v.**

**LEATUALOA FUAMOLI MANAEA, Counter-claimant.**

**[In re the Matai Title "MANAEA" of the Village of Amouli]**

High Court of American Samoa
Land and Titles Division

MT No. 03-00

December 10, 2002

350

Before KRUSE, Chief Justice, LOGOAI, Chief Associate Judge, SAGAPOLUTELE, Associate Judge and TUPUIVAO, Associate Judge.

Counsel: For Claimant, Asaua Fuimaono
 For Counter-claimant, Charles V. Ala`ilima

## OPINION AND ORDER

On April 26, 1999, Fotu F. Manaea filed his claim to succession with the Office of the Territorial Registrar to the *matai* title "Manaea" pertaining to the village of Amouli. Malaetia T. Manaea and Leatualoa F. Manaea subsequently filed objections and their respective counter-claims to succession. After the Secretary of Samoan Affairs issued a certificate of irreconcilable dispute pursuant to A.S.C.A. § 43.0302, the matter was referred for determination to the Lands and Titles Division of the High Court in accordance with A.S.C.A. § 1.0409. Malaetia T. Manaea subsequently withdrew his objection and counter-claim in open court. We proceeded to trial upon the remaining claims to succession.

### Discussion

 In these matters, the Court is guided by the four criteria set out in A.S.C.A. § 1.0409(c): (1) best hereditary right; (2) clan support; (3) forcefulness, character and personality, and knowledge of Samoan customs; and (4) value to family, village, and country.

1. Best Hereditary Right

Claimant Fotu Tupuola Leuta ("Fotu") claims 12.5% hereditary entitlement tracing his roots to Manaea Petero,[1] his great-grandfather.

---

[1] Manaea Petero was a Wallis Islander who apparently held the title by virtue of his family membership through marriage. Petero was married to Siv, the daughter of a prior titleholder. *See Tuitui v. Leuma*, 2 A.S.R. 418, 421 (Trial Div. 1948). Since we find that Fuamoli clearly prevails on the

Counter-claimant Leatualoa F. Fuamoli ("Fuamoli") claims 50% entitlement through her father Manaea Fa'aloloi Vaimaona.

■ We find that both parties are blood related to the title Manaea. Applying the traditional formula for evaluating and measuring heredity, we further find that Fuamoli prevails because she can show the shortest descent path to a past titleholder.

## 2. Clan Support

The only semblance of common ground between the parties on this issue is that the family's clans number two and the parties are not from the same clan. Beyond that, the parties' divisiveness on clan identity and make-up is total. Fotu, who does not command the support of Fuamoli's side of the family, feels that he can claim complete support of all the clans by simply ignoring Fuamoli's side as Manaea family members.[2]

The apparent deep-seated contention between Fotu's side of the family and Fuamoli's side of the family is more far-reaching. The evidence clearly points to factional rivalry beyond the affairs of the Manaea family itself. The ill will between the parties is enveloped in a longstanding controversy between the principal families of Amouli, engendered by their competing, and apparently ongoing, claims to historical prominence and supremacy in the village. This inter-family controversy has been the bane of village discord and root of many land disputes from Amouli. *See e.g. Utu v. Fuata*, 17 A.S.R.2d 104 (Land & Titles Div. 1990).

As Fotu's side of the family is related to the Gogo title, while Fuamoli's side of the family is akin to the Utu title, the *matai* dispute before us took on the unmistakable flavor of the extended inter-family rivalry. In terms of oral tradition, for example, the parties' respective versions were appropriately slanted. Where both had agreed that the Manaea title had its origins in a pigeon hunting excursion with High Chief Liufau, the parties disagreed as to the identity of the village founding father involved and, hence, the progenitor of the first Manaea titleholder. Fotu's side naturally claimed that Liufau's hunting partner was Gogo while Fuamoli's side unsurprisingly said it was Utu.

---

issue of heredity, we need say no more on the exact degree of Fotu's blood entitlement.

[2] This obdurate claim is erroneous. In prior litigation, the Court in *Tuitui v. Leuma*, 2 A.S.R.2d 418 (Trial Div. 1948), not only found that Fuamoli's father, Vaimaona Leuma, was a blood member of the Manaea family, but concluded that he was also the most eligible claimant then to hold the family's title. Vaimaona Leuma was duly certified by the Court and he held the Manaea title for many, many years.

■ We find that while meetings were called to consider the issue of *matai* succession, these meetings were in essence sub-family gatherings and not meetings of the Manaea family as a whole. The evidence showed, for instance, that while a Manaea family meeting was called by Gogo to discuss *matai* succession, it also showed that Gogo's timing strategically coincided with the off-island medical evacuation of the ailing Utu titleholder. This particular meeting opportunity was, therefore, hardly calculated to attract a strong showing from the Utu aligned faction of the Manaea family.

In our view, the claim to family support on the basis of these so-called family meetings translates at best to mere blessings from one's own side of the family. We find that neither candidate enjoyed the total support of the Manaea family's two clans, and, therefore, conclude that neither candidate prevails on this consideration.

3. Forcefulness, Character and Personality, and Knowledge of Samoan Customs

In our evaluation of the parties, we find from our observation of the candidates and from our review of personal background and achievements that Fotu prevails on this consideration. Fotu's career path has been more impressive; primarily he was a professional law enforcement officer, retiring as Captain from the Department of Public Safety, while Fuamoli, who has also retired, has largely been involved with employment of a clerical nature. Additionally, Fotu in his early years served with United States Marine Corp. He continues to utilize his law enforcement background in a private business. We feel that these resultant career achievements signify a greater measure of ambition and drive.

■ Moreover, in assessing personal attributes under this criterion, the Court may look to "demeanor, personality, presence of mind, the clarity, speed and correctness with which the answers were given, the self-confidence and other qualities reflected from . . . speech and behavior." *See Reid v. Talalele*, 4 A.S.R. 458, 463-64 (Land & Titles Div. 1964). Under this heading, Fotu stood out as the more forceful personality, self-assured and assertive. We also rate him ahead of Fuamoli in terms of knowledge of Samoan custom.

Fuamoli, on the other hand, urges us to view Fotu's aggressive posture towards her side's entitlement as a serious character flaw bespeaking haughtiness. While the submission is appealing at first blush, we are inclined to believe, however, that Fotu's apparent obduracy is more reactive in nature rather than inherent. As with the Gogo and other principal families of Amouli, Fotu's stance seems atypically reactive to a

353

continuing claim of the Utu titleholders to suzerainty, as alluded to in the testimony of Fuamoli's witness Fainu`ulelei, and as previously advanced, and opposed, in *Utu v. Fuata*, 17 A.S.R.2d 104, 107 (Land & Titles Div. 1990). That is, the Utu family has maintained, over the vigorous opposition of other families, that Amouli is a one family village with the Utu as the village headman. Suffice it to say that the evident continuing ill will between the family's factions is something that requires reciprocal effort towards a resolution.

We find that Fotu prevails under this consideration.

### 4. Value to Family, Village, and Country

 We also find in favor of Fotu under this criterion. In terms of value to the country, both candidates have creditably served, and retired from, the territorial government. But as alluded to above, Fotu's career path has been more impressive. This is reflected in his greater retirement income, a relevant factor to account hereunder in assessing value to family. *Tuinei v. Ieriko*, 2 A.S.R. 117, 123 (Trial Div. 1940) (recognizing income as factor in determining candidate's value). Also in terms of value to family and village, we find that unlike Fuamoli, whose family ties primarily keeps her focus in Lauli`i serving the Vaimaona title, Fotu's heart and involvement has been service to the Manaea family and the village of Amouli. Fotu has lived with the Manaea family in Amouli serving and actively participating in Manaea *fa`alavelave* (family affairs), acting as family spokesman on numerous occasions. He has also participated in Amouli village affairs, including service to the church and ongoing village projects. As such, Fotu has accumulated greater awareness with Manaea family matters and has naturally fostered better rapport with the Amouli village council. By contrast, Fuamoli's contact with Amouli village has only been intermittent through her *tautua* (service) to the Utu family, not the Manaea family. She is therefore not as familiar with family needs, nor knows the members of the family. *See Aano v. Sitau*, 2 A.S.R. 107, 110 (Trial Div. 1940).

Furthermore, the Manaea title's prestige and influence in village affairs has necessarily waned over the years. The family was left leaderless for many, many years with the extended off-island absence of one of its former titleholders, who was subsequently removed for dereliction of duty. Coupled with the vicissitudes of village politics and intrigue among Amouli's principal *matai*, the Manaea family today has much need of strong leader. We find that Fotu better fits the bill; he prevails under this heading proving to offer the greater potential to family, village and country.

354

## Conclusion and Order

On the foregoing, we conclude that Fotu is qualified to hold the title Manaea. While Fuamoli prevails on hereditary considerations, Fotu prevails over Fuamoli on the third and fourth criteria, with neither prevailing on the issue of clan support. The Territorial Registrar shall, in accordance with A.S.C.A. § 1.0409(b), register the *matai* title Manaea, attached to the village of Amouli, in candidate Fotu Tupuola Leuta.

It is so ordered.